1
2
3
4
5

Thomas Lether, WSBA #18089
Kevin J. Kay, WSBA #34546
1808 Westlake Avenue N., Suite 100
Seattle, WA 98109
P: 206.467.5444/ F: 206.467.5544
tlether@letherlaw.com
kkay@letherlaw.com

6
7
8
9

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

10
11
12
13
14
15
16
17
18
19

| | |
|---|---|
| STILLWATER INSURANCE COMPANY, a foreign insurer, | No. 2:22-cv-279 |
| Plaintiff, | **COMPLAINT FOR DECLARATORY RELIEF** |
| v. | |
| AUSTIN BAXTER, an individual; AND SOMPO AMERICA INSURANCE COMPANY, a foreign insurer. | |
| Defendants. | |

20
21
22
23
24

Plaintiff Stillwater Insurance Company ("Stillwater") submits the following

Complaint for Declaratory Relief.

I.    **INTRODUCTION**

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON 98109
P: (206) 467-5444 F: (206) 467-5544

1.1    This is a coverage action seeking declaratory relief pursuant to Still. Stillwater seeks a determination that it does not owe a duty to defend or indemnify Austin Baxter under a policy of insurance issued by Stillwater with respect to claims arising out of a fire loss that occurred on November 11, 2021, in the Spokane Valley, Washington (the "Underlying Claim").

## II.    PARTIES

2.1    Plaintiff Stillwater is a foreign insurance company organized under the laws of the state of California with its principal place of business in Florida.

2.2    Defendant Austin Baxter is a citizen of the State of Washington, and on information and belief, resides in Spokane County, Washington.

2.3    Defendant Sompo America Insurance Company (hereinafter "Sompo") is, upon information and belief, an insurance company organized under the laws of the state of New York with its principal place of business in New York.

## III.    JURISDICTION AND VENUE

3.1    This Court has jurisdiction over this claim pursuant to U.S.C. §1332 as the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and diversity amongst the parties is complete.

3.2    Venue is proper with this Court pursuant to 28 U.S.C. §1391 as this case involves a claim for insurance coverage stemming from an alleged loss that occurred in Spokane County, Washington.

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON 98109
P: (206) 467-5444 F: (206) 467-5544

## IV.    FACTUAL BACKGROUND

4.1     Stillwater reasserts paragraphs 1.1 through 3.2 and incorporates the same by reference as if fully set forth herein.

### A.    <u>The November 2021 Fire</u>

4.2     On November 23, 2021, a fire broke out at Extra Space Storage facility located at 16104 E. Sprague Avenue in Spokane Valley, Washington.

4.3     According to the Fire Department, the fire started in storage unit #H15.

4.4     Upon information and belief, unit #H15 was leased to Austin Baxter and Mr. Baxter was identified by the Fire Department as the renter of unit #H15

4.5     Per the Fire Report, "[t]he renter and his wife of unit #H15, were the only individuals inside of the secured, fenced facility at the time of the fire."

4.6     The Fire report further states that Mr. Baxter advised that he was removing the gas tank from the motorcycle when the gas flashed from an open flame.

4.7     The Fire Department determined that the fire was caused by gasoline that had spilled from a motorcycle tank. Fumes from the gas were ignited by a propane heater that was being used to heat the unit.

4.8     The fire damaged several units and the contents thereof.

### B.    The Underlying Claim

4.9     Upon information and belief, Sompo issued an insurance policy to Extra Space Managed Properties LTD for the Extra Space Storage facility location

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON 98109
P: (206) 467-5444  F: (206) 467-5544

at 16104 Sprague Avenue in Spokane Valley, Washington.

4.10    Upon information and belief, Sompo has issued payments to its insured for the damages at issue and has asserted that it will make additional payments in the future.

4.11    In the Underlying Claim, Sompo has asserted that it is subrogated to its insured's rights to pursue claims against Mr. Baxter for amounts it has paid and will pay for the fire loss.

4.12    As a result, Sompo has asserted the Underlying Claim against Mr. Baxter by sending a demand to Stillwater.

4.13    As part of its demand, Sompo advised that it intended to file suit against Mr. Baxter by November 23, 2022.

4.14    In the Underlying Claim, Sompo has asserted that Mr. Baxter's negligence was the cause of the damage to Extra Space Storage.

4.15    Specifically, Sompo has asserted that on November 23, 2021, at approximately 11:00 p.m., a fire started in Space 1H15, which is leased to tenant Austin Baxter.

4.16    The Underlying Claim asserts that after the fire, Mr. Baxter gave a statement to the fire department that he was removing the gas tank from his motorcycle and the gas "flashed" (ignited) from an open flame.

4.17    The Underlying Claim asserts that the fire department determined that

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON 98109
P: (206) 467-5444  F: (206) 467-5544

Mr. Baxter and his wife were the only individuals inside the facility at the time.

4.18    Further, the Underlying Claim asserts that the fire department determined the fire was caused by spilled gasoline from a motorcycle tank that ignited fumes from a propane heater.

4.19    In addition, the Underlying Claim alleges that Sompo's retained fire investigator inspected the scene and confirmed the cause of the loss is consistent with Mr. Baxter's statement as well as the fire department's conclusion.

4.20    The Underlying Claim asserts that the fire was caused by Mr. Baxter's negligence in spilling gasoline in close proximity to a flammable liquid (propane).

## C.    Stillwater's Investigation

4.21    Once Stillwater received an initial subrogation notice from Sompo, it promptly acknowledged receipt and began a coverage investigation, which included investigating the facts and circumstances of the claim.

4.22    Stillwater also timely issued a reservation of rights letter to Mr. Baxter as a result of the subrogation notice.

4.23    During the course of its investigation, Stillwater obtained information that the involved motorcycle was a 2015 Suzuki GSX-S-Racer and was last licensed and registered on November 15, 2021 by Candace Amanda Smallfoot. This was approximately 8 days before the fire loss.

4.24    Stillwater also obtained information that the same motorcycle was

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON 98109
P: (206) 467-5444  F: (206) 467-5544

insured by Mr. Baxter with GEICO at the time of the fire loss.

4.25    Stillwater also subsequently advised that Mr. Baxter had executed a durable power of attorney form naming Candace Smallfoot as his attorney-in-fact.

4.26    On or about October 21, 2022, Stillwater received a demand for policy limits from Sompo.

4.27    Stillwater notified Mr. Baxter through Ms. Smallfoot of the demand and issued a further reservation of rights letter.

4.28    The reservation of rights letter accepted a duty to defend under a full reservation of rights.

4.29    This declaratory judgment action followed.

**D.**    **The Stillwater Policy**

4.30    Stillwater issued a Homeowners 4 Contents Broad Form policy of insurance to Austin Baxter and Chloe Gallacher, policy number NP1086410 (the "Policy"), which was in effect from October 7, 2021, to October 7, 2022.

4.31    The Stillwater Policy provides up to $100,000 in coverage for personal liability per occurrence.

4.32    With respect to Personal Liability Coverage, the Stillwater Policy provides as follows:

**SECTION II - LIABILITY COVERAGES**

**A.**    **Coverage E - Personal Liability**

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON 98109
P: (206) 467-5444  F: (206) 467-5544

If a claim is made or a suit is brought against an "insured" for damages because of "bodily injury" or "property damage" caused by an "occurrence" to which this coverage applies, we will:

1.    Pay up to our limit of liability for the damages for which an "insured" is legally liable. Damages include prejudgment interest awarded against an "insured"; and

2.    Provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate. Our duty to settle or defend ends when our limit of payment for this coverage has been exhausted by payment of judgments or settlements.

HO 46 03 03 21 at 16.

    4.33    The following definitions are pertinent to the above-referenced Insuring Agreement and/or the exclusions discussed below:

    B.    In addition, certain words and phrases are defined as follows:
        …

    2.    "Aircraft Liability", "Hovercraft Liability", "Motor Vehicle Liability" and "Watercraft Liability", subject to the provisions in **b.** below, mean the following:

        (a)    Liability for "bodily injury" or "property damage" arising out of the:

            (1)    Ownership of such vehicle or craft by an "insured";

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON 98109
P: (206) 467-5444  F: (206) 467-5544

**(2)**  Maintenance, occupancy, operation, use, loading or unloading of such a vehicle or craft by any person;

**(3)**  Entrustment of such vehicle or craft by an "insured" to any person;

**(4)**  Failure to supervise or negligent supervision of any person involving such vehicle or craft by an "insured"; or

**(5)**  Vicarious liability, whether or not imposed by law, for the actions of a child or minor involving such vehicle or craft.

**b.**  For purposes of this definition:

…

**(4)**  Motor vehicle, means a "motor vehicle" as defined in **10.** below.

**3.**  "Bodily injury" means bodily harm, sickness or disease, except a disease which is transmitted by an "insured" through sexual contact. "Bodily injury" includes required care, loss of services and death resulting from covered bodily harm, sickness or disease.

…

**9.**  "Insured location" means:

**a.**  The "residence premises";

**b.**  The part of other premises, other structures and grounds used by you as a residence; and

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON 98109
P: (206) 467-5444  F: (206) 467-5544

**(1)**    Which is shown in the Declarations; or

**(2)**    Which is acquired by you during the policy period for your use as a residence;

**c.**    Any premises used by you in connection with a premises described in **a.** and **b.** above;

**d.**    Any part of a premises:

**(1)**    Not owned by an "insured"; and

**(2)**    Where an "insured" is temporarily residing;

**e.**    Vacant land, other than farmland, owned by or rented to an "insured";

**f.**    Land owned by or rented to an "insured" on which a one-, two-, three- or four-family dwelling is being built as a residence for an "insured";

**g.**    Individual or family cemetery plots or burial vaults of an "insured"; or

**h.**    Any part of a premises occasionally rented to an "insured" for other than "business" use.

**10.**    "Motor vehicle" means:

**a.**    A self-propelled land or amphibious vehicle; or

**b.**    Any trailer or semitrailer which is being carried on, towed by or hitched for towing by a vehicle described in a. above.

**11.**    "Occurrence"    means    an    accident,    including

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON 98109
P: (206) 467-5444 F: (206) 467-5544

continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in:

    **a.**    "Bodily injury"; or

    **b.**    "Property damage".

**12.**    "Property damage" means physical injury to, destruction of, or loss of use of tangible property.

…

**15.**    "Residence premises" means:

    **a.**    The one-family dwelling where you reside;

    **b.**    The two-, three- or four-family dwelling where you reside in at least one of the family units; or

    **c.**    That part of any other building where you reside; and which is shown as the "residence premises" in the Declarations. "Residence premises" also includes other structures and grounds at that location.

HO 46 04 03 21 at 1-3.

    4.34   The Policy excludes Personal Liability Coverage for "motor vehicle liability" as follows:

**SECTION II – EXCLUSIONS**

**A.**    **"Motor Vehicle Liability"**

    **1.**    Coverages **E** and **F** do not apply to any "motor vehicle liability" if, at the time and place of an "occurrence", the involved "motor vehicle":

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON 98109
P: (206) 467-5444 F: (206) 467-5544

    **a.**    Is licensed for use on public roads or property;

    **b.**    Is not licensed for use on public roads or property, but such license is required by a law, or regulation issued by a government agency, for it to be used at the place of the "occurrence"; or

    **c.**    Is being:

        **(1)**    Operated in, or practicing for, any prearranged or organized race, speed contest or other competition;

        **(2)**    Rented to others;

        **(3)**    Used to carry persons or cargo for a charge; or

        **(4)**    Used for any "business" purpose except for a motorized golf cart while on a golfing facility.

**2.**    If Exclusion **A.1**. does not apply, there is still no coverage for "motor vehicle liability", unless the "motor vehicle" is:

    **a.**    In dead storage on an "insured location";

    **b.**    Used solely to service a residence;

    **c.**    Designed to assist the handicapped and, at the time of an "occurrence", it is:

        **(1)**    Being used to assist a handicapped person; or

        **(2)**    Parked on an "insured location";

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON 98109
P: (206) 467-5444  F: (206) 467-5544

**d.** Designed for recreational use off public roads and:

    **(1)** Not owned by an "insured"; or

    **(2)** Owned by an "insured" provided the "occurrence" takes place:

        **(a)** On an "insured location" as defined in Definition 8.9.a., b., d., e. or h.; or

        **(b)** Off an "insured location" and the "motor vehicle" is:

            **(i)** Designed as a toy vehicle for use by children under seven years of age;

            **(ii)** Powered by one or more batteries; and

            **(iii)** Not built or modified after manufacture to exceed a speed of five miles per hour on level ground;

**e.** A motorized golf cart that is owned by an "insured", designed to carry up to four persons, not built or modified after manufacture to exceed a speed of 25 miles per hour on level ground and, at the time of an "occurrence", is within the legal boundaries of:

    **(1)** A golfing facility and is parked or stored there, or being used by an "insured" to:

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON 98109
P: (206) 467-5444  F: (206) 467-5544

**(a)**  Play the game of golf or for other recreational or leisure activity allowed by the facility;

**(b)**  Travel to or from an area where "motor vehicles" or golf carts are parked or stored; or

**(c)**  Cross public roads at designated points to access other parts of the golfing facility; or

**(2)**  A private residential community, including its public roads upon which a motorized golf cart can legally travel, which is subject to the authority of a property owners association and contains an "insured's" residence.

HO 46 04 03 21 at 16-17.

## V.    ACTUAL AND JUSTICIABLE CONTROVERSIES EXIST AS TO COVERAGE UNDER THE STILLWATER POLICY

5.1    Stillwater reasserts paragraphs 1.1 through 4.34 and incorporates the same by reference as if fully set forth herein.

5.2    The Policy only provides coverage for sums that an insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" caused by an "occurrence."

5.3    An actual and justiciable controversy exists as to whether the insuring agreement of the Policy has been triggered for purposes of the Underlying Claim.

5.4    Under the definition of "motor vehicle", as set forth in the Policy a

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON  98109
P: (206) 467-5444  F: (206) 467-5544

"motor vehicle" is a self-propelled land vehicle.

5.5    There is an actual and justiciable controversy as to whether the motorcycle involved in the fire loss is a "motor vehicle" under the terms and conditions of the Policy.

5.6    The Policy defines "motor vehicle liability" to include liability for "bodily injury" or "property damage" that arises out of ownership of such vehicle by an insured.

5.7    There is an actual and justiciable controversy as to whether the motorcycle was owned by an insured.

5.8    There is an actual and justiciable controversy as to whether any liability for the Underlying Claim is liability for "bodily injury" or "property damage" arising out of the ownership of such a motor vehicle by an insured.

5.9    The Policy defines "motor vehicle liability" to include liability for "bodily injury" or "property damage" that arises out of maintenance, occupancy, operation, use, loading or unloading of a motor vehicle by any person.

5.10    There is an actual and justiciable controversy as to whether the claims in the Underlying Claim are for liability for "bodily injury" or "property damage" arising out of maintenance, occupancy, operation, use, loading or unloading of a motor vehicle by any person.

5.11    The Policy's "Motor Vehicle Liability" Exclusion, provides that there

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON 98109
P: (206) 467-5444 F: (206) 467-5544

is no Personal Liability Coverage under Coverage **E** for "motor vehicle liability" if at the time and place of an "occurrence" the "motor vehicle" involved was: a) licensed for use on public roads; b) not licensed, but required by law or regulation to be licensed for it to be used at the place of the "occurrence".

5.12    There is an actual and justiciable controversy as to whether the motorcycle involved in in the fire loss was licensed for use on public roads at the time of the fire loss that forms the basis of the Underlying Claim.

5.13    There is an actual and justiciable controversy as to whether the motorcycle involved in in the fire loss was not licensed but required by law or regulation to be licensed for it to be used at the place of the "occurrence" at the time of the fire loss that forms the basis of the Underlying Claim.

5.14    in addition to the provisions cited above, Stillwater pleads all other conditions, terms, provisions, limitations, definitions, and exclusions of the Policy, which also may be found to be applicable to Stillwater's investigation and defense of these claims, and Stillwater reserves the right to amend its Complaint for Declaratory Judgment as additional and/or more specific information becomes available.

## VI.    CAUSE OF ACTION FOR DECLARATORY RELIEF

6.1    Stillwater reasserts paragraphs 1.1 through 5.14 and incorporates the same by reference as if fully set forth herein.

COMPLAINT FOR DECLARATORY RELIEF – 15

6.2    Actual and justiciable controversies exist as the rights and duties of the parties under the Stillwater Policy.

6.3    Pursuant to 28 U.S.C. §§ 2201 and 2202, Stillwater seeks a judicial declaration of its rights and duties under the Policy.

6.4    Actual and justiciable controversies exist as to whether Stillwater owes any defense obligation to Austin Baxter for the claims in the Underlying Claim.

6.5    Pursuant to 28 U.S.C. §§ 2201 and 2202, Stillwater requests that this Court grant declaratory relief in its favor and enter a judicial determination that Stillwater does not have an obligation to provide a defense to Austin Baxter under the Policy for the claims against him in the Underlying Claim.

6.6    Actual and justiciable controversies exist as to whether Stillwater owes any indemnity obligation to Austin Baxter for the claims in the Underlying Claim.

6.7    Pursuant to 28 U.S.C. §§ 2201 and 2202, Stillwater requests that this Court grant declaratory relief in its favor and enter a judicial determination that Stillwater does not have an obligation to provide any indemnity coverage to Austin Baxter under the Policy for the claims against him in the Underlying Claim.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Stillwater, having specifically alleged the foregoing, now requests the following relief:

1.    For a declaration of the rights and obligations of the parties under the

LETHER LAW GROUP
1848 WESTLAKE AVENUE N. STE. 100
SEATTLE, WASHINGTON 98109
P: (206) 467-5444  F: (206) 467-5544

Policy.

2.    For a declaration that Stillwater owes no defense obligation to Baxter for any claims asserted against him in the Underlying Claim.

3.    For a declaration that Stillwater owes no indemnity obligation to Baxter for any claims asserted against him in the Underlying Claim.

4.    For all interest allowed by law.

5.    For attorney fees and costs allowed by statute and law.

6.    For other and further relief as the Court deems just and equitable.

DATED this 14th day of November 2022.

LETHER LAW GROUP

*s/Kevin J. Kay*
Thomas Lether, WSBA #18089
Kevin J. Kay, WSBA #34546
1808 Westlake Avenue N., Suite 100
Seattle, WA 98109
206.467.5444
tlether@letherlaw.com
kkay@letherlaw.com
*Attorneys for Stillwater Insurance Company*